ANGELA S. ASPINWALL, Petitioner–Appellant, v. **IRWIN TANAKA**, Administrative Director of the Court, State of Hawai'i, Respondent–Appellee

NO. 15904

(AR 91 – 15; ORIGINAL CASE NO. 91–00234)

NOVEMBER 25, 1992

BURNS, C.J., CIRCUIT JUDGE KAULUKUKUI, J., ASSIGNED IN PLACE OF HEEN, J., RECUSED, AND CIRCUIT JUDGE CRANDALL, J.,ASSIGNED IN PLACE OF WATANABE, J., DISQUALIFIED

## OPINION OF THE COURT BY BURNS, C.J.

Petitioner Angela S. Aspinwall (Aspinwall) appeals the district court's December 12, 1991 Decision and Order Affirming Administrative Revocation and its December 12, 1991 Judgment on Appeal which affirmed the hearing officer's September 25, 1991 Findings of Fact, Conclusions of Law and Decision. We reverse.

## FACTS

On August 15, 1991, Aspinwall was arrested for driving under the influence of intoxicating liquor (DUI). The arresting officer issued to Aspinwall a Notice of License Revocation which was endorsed to provide a 30–day temporary driving permit expiring September 14, 1991. Hawai'i Revised Statutes (HRS) § 286–255 (Supp. 1991).

As required by HRS 286–258 (Supp. 1991), the Administrative Driver's License Revocation Office (ADLRO) reviewed the issuance of the Notice of License Revocation within eight days of its issuance. On August 22, 1991, the ADLRO issued a Notice of Administrative Review Decision, revoking Aspinwall's driver's license from September 15, 1991 to December 15, 1991, and informing Aspinwall that she had five days from the date of the mailing of the decision to request an administrative hearing to review the decision. HRS § 286–258(f). On August 27, 1991, Aspinwall requested an administrative hearing.

The ADLRO mailed to Aspinwall a letter dated September 6, 1991, which stated in part as follows:

> Your hearing has been set for September 9, 1991. However, it has been Administratively Continued until September 12, 1991 at 9:00 a.m. at the Administrative Driver's License Revocation Office at 2875 S. King Street.

Hearings were held on Thursday, September 12, 1991, and Friday, September 20, 1991. On September 12, 1991 Aspinwall moved to dismiss the proceedings on the ground that the review hearing was not commenced within twenty–five days of the issuance of the August 15, 1991 Notice of License Revocation as required by HRS § 286–259 (Supp. 1991).

On September 25, 1991, the hearing officer entered Findings of Fact, Conclusions of Law and Decision and as well as a Notice of Administrative Hearing Decision revoking Aspinwall's driver's

license from September 15, 1991 through December 15, 1991 and denying Aspinwall's request for a conditional driving permit because she did not provide a sworn statement from her employer. The revocation caused Aspinwall to be subject to the Motor Vehicle Financial Responsibility Act, HRS § 287–20 (Supp. 1991).

On October 17, 1991, in the District Court of the First Circuit, Aspinwall filed a Petition for Judicial Review and Statement of the Case. HRS § 286–260. The specific ground upon which Aspinwall's petition sought reversal of the administrative revocation was that "[the Administrative Director] erred in failing to hold Petitioner's administrative hearing within twenty–five (25) days of her arrest."

On December 12, 1991, the district court issued its (1) Decision and Order Affirming Administrative Revocation and (2) Judgment on Appeal. The district court concluded that Aspinwall's August 27, 1991 request for an administrative hearing and the September 12, 1991 hearing were both timely.

Aspinwall timely appealed the district court's December 12, 1991 decision.

## RELEVANT STATUTES

§286–259 **Administrative hearing.** (a) If the director administratively revokes the arrestee's license after administrative review, the arrestee may request an administrative hearing to review the decision within five days of the date the administrative review decision is mailed. The hearing shall be scheduled to commence no later than twenty–five days from the date the notice of administrative revocation was issued. The director may continue the hearing only as provided in subsection (j).

\* \* \*

(j) For good cause shown, the director may grant a continuance either of the commencement of the hearing

or of a hearing that has already commenced. If a continuance is granted at the request of the director, the director shall extend the validity of the temporary permit for a period not to exceed the period of the continuance. If a continuance is granted at the request of the arrestee, the director shall not extend the validity of the temporary permit. For purposes of this section a continuance means a delay in the commencement of the hearing or an interruption of a hearing that has commenced other than for recesses during the day or at the end of the day or week.

\* \* \*

§286–260 **Judicial review; procedure.** (a) If the director sustains the administrative revocation after administrative hearing, the arrestee may file a petition for judicial review within thirty days after the administrative hearing decision is mailed. ... The filing of the petition shall not operate as a stay of the administrative revocation nor shall the court stay the administrative revocation pending the outcome of the judicial review. ... The petition shall state with specificity the grounds upon which the petitioner seeks reversal of the administrative revocation.

(b) The court shall schedule the judicial review as quickly as practicable, and the review shall be on the record of the administrative hearing without taking of additional testimony or evidence. ...

(c) The sole issues before the court shall be whether the director exceeded constitutional or statutory authority, erroneously interpreted the law, acted in an arbitrary or capricious manner, committed an abuse of discretion, or made a determination that was unsupported by the evidence in the record.

\* \* \*

**§286–266 Computation of time.** The time in which any act provided in this part is to be done is computed by excluding the first day and including the last, unless the last day is a Sunday or holiday, and then it is also excluded.

## DISCUSSION

Aspinwall notes that HRS § 286–259(a) mandates that a review hearing "shall be scheduled to commence no later than twenty–five days from" August 15, 1991. The 25th day was Monday, September 9, 1991, but the review hearing commenced on Thursday, September 12, 1991. Consequently, Aspinwall asserts that the proceedings should have been dismissed.

The respondent Administrative Director of the Courts (Director) responds that HRS § 286–259(a) requires that the hearing "shall be scheduled to commence no later than twenty–five days from the date the notice of administrative revocation was issued," and HRS § 286–259(j) authorizes the Director to grant "a continuance . . . of the commencement of the hearing[.]" Here, Director scheduled the hearing to commence on September 9, 1991, and continued it to September 12, 1991.

Aspinwall counters that the ADLRO's September 6, 1991 scheduling of the hearing for September 9, 1991 was really a sham. We disagree. Nothing in the statute prohibits the use of one notice to schedule the commencement of the hearing and to continue the scheduled commencement of the hearing.

Aspinwall also counters that HRS § 286–259(j) authorizes Director to grant a continuance "at the request of the director" or "at the request of the arrestee" but that, in either case, the request can be granted only "[f]or good cause shown[.]" Aspinwall contends that nowhere in the record is good cause shown for the continuance.

Director agrees that the record contains no evidence of "good cause" warranting a continuance of the hearing from the twenty–

fifth day to the twenty–eighth day. He also agrees that Aspinwall's temporary permit was not extended for the three–day extension period.

Aspinwall contends that the continuance was invalid because no good cause was shown, that absent a valid continuance HRS § 286–259 required the administrative hearing to commence within twenty–five days from the date the notice of administrative revocation was issued, and that Director violated this requirement.

Director agrees that HRS § 286–259 requires the hearing to "be scheduled to commence no later than" the twenty–fifth day but contends that he satisfied that requirement. Director agrees that he violated the "[f]or good cause shown" requirement when he requested and granted the continuance but contends that the violation is not a ground for invalidating the hearing officer's September 25, 1991 decision revoking Aspinwall's driver's license because the statute does not impose any number–of–days limit on continuances. Under the Director's interpretation, the number–of–days within which the commencement of the hearing must be scheduled is mandatory, but the number–of–days within which the hearing must actually commence is discretionary.

In our view, the Director misinterprets HRS § 286–259. Subsection (a) speaks in terms of the "scheduled" date for the commencement of the hearing because subsection (j) authorizes continuances. However, the continuance authorized by subsection (j) is "of the commencement of the hearing[.]" This means that, if the scheduled commencement of the hearing is not validly continued, the actual commencement must occur on or before the twenty–fifth day.

HRS § 286–259(j) authorizes the scheduled commencement to be continued "[f]or good cause shown[.]" This means that, absent "good cause shown," the continuance is invalid. Otherwise, the "[f]or good cause shown" requirement would be meaningless. That requirement expressly mandates the Director to show good

cause on the record so that, upon judicial review under HRS § 286–260, the court can decide whether the "cause shown" is "good," thereby determining HRS 286–260(c)'s question whether "the director exceeded . . . statutory authority" when he continued the scheduled hearing.

Consequently, we are presented with a situation where the hearing was timely scheduled, invalidly continued by Director upon Director's request, and, therefore, untimely held. Aspinwall contends that this violation of HRS § 286–259 requires reversal of the administrative revocation of her driver's license. The question is whether HRS § 286–259's time requirement is mandatory or directory. *See State v. Himuro*, 70 Haw. 103, 761 P.2d 1148 (1988).

The purposes of Act 188, 1990, as amended by Act 1, 1991 Special Session, which first enacted Hawai'i's Administrative Revocation of Driver's License law, HRS §§ 286–251 through 286–266, were succinctly stated by Senator Lehua Fernandes Salling, the Chairman of the Senate Transportation Committee, when, on the 60th day of the 1990 Regular Session, she spoke in favor of S.B. 1148, C.D.1, in relevant part as follows:

> [T]he bill before us accomplishes three major objectives of the Senate. No. 1, it provides an administrative review and hearing to be completed within 30 days so that the process is expeditious. This 30–day limit is followed in most states. No. 2, it requires that a person may have a temporary permit until a hearing has determined his guilt or innocence. If the state requires more time and asks for a continuance, the temporary permit will also continue. We believe that this will be the exception and most cases will be decided within the 30 days. And No. 3, should the state lose on the merits of the case, it will be prevented from bringing the driver to criminal proceedings.

\* \* \*

In closing, let me at least mention one concern that I have about the bill which allows the state to have a continuance if they are not able to go forward with their case in 30 days. The Senate's position was to complete the hearing process in 30 days so that the revocation process was "expeditious." The law enforcement community wanted to be able to have the continuance to make certain that they could adequately prosecute anyone. And to balance this, we have allowed for the temporary permit to run until the hearing is finally held.

What concerns me is that the continuance will be used to let cases drag on. . . .

Mr. President, once this bill is law nothing would fuel the emotional outrage of this community more than the failure to administer this law properly and quickly. As I said before, the use of a continuance beyond 30 days is the unique exception, and let the law enforcement community know that we will be watching this.

We have provided in this bill an appropriation for a study that will monitor various aspects of the administration of this law, including the use of the continuance. And this study is our way of signaling our prosecutors that we will not tolerate any lengthy delays in the hearing process.

1990 Senate Journal, at 681–82.

The express desire for the "process [to be] expeditious[,]" not to allow the continuance to be used "to let cases drag on[,]" "to administer this law properly and quickly[,]" to cause "the use of a continuance beyond 30 days [to be] the unique exception[,]" and "not [to] tolerate any lengthy delays in the hearing process" causes us to conclude that HRS § 286–259's time requirement is intended to be mandatory.

Finally, we must decide the consequences of Director's violation of the mandatory time requirements of HRS § 286-259. The applicable rule is as follows:

> [I]f the provision is mandatory, the failure to follow it will render the proceeding to which it relates illegal and void. If the provision is directory, however, the observance of the provision will not be necessary to the validity of the proceeding.

*Jack Endo Elec., Inc v. Lear Siegler, Inc.*, 59 Haw. 612, 616, 585 P.2d 1265, 1269 (1978) (citation omitted).

In light of the above, we conclude that Director's violation of the mandatory time requirements of HRS § 286-259 voids the administrative revocation of driver's license proceeding against Aspinwall.

## CONCLUSION

Accordingly, we reverse (1) the hearing officer's September 25, 1991 Findings of Fact, Conclusions of Law and Decision; and (2) the district court's (a) December 12, 1991 Decision and Order Affirming Administrative Revocation, and (b) December 12, 1991 Judgment on Appeal.

*Richard Crisman Linstrom* and *Lloyd A. Poelman* for petitioner–appellant.

*Edwin L. Baker*, Deputy Attorney General, for respondent–appellee.