**DAVID WAYNE DANIELSON**, Petitioner–Appellant, v. **IRWIN TANAKA**, Administrative Director of the Court, State of Hawai'i, Respondent–Appellee

NO. 15909

(AR 91–0035; ORIGINAL CASE NO. 91–00359)

FEBRUARY 8, 1993
Amended by Order Filed February 10, 1993

BURNS, C.J., CIRCUIT JUDGE KAULUKUKUI, ASSIGNED IN PLACE OF HEEN, J., RECUSED, AND CIRCUIT JUDGE CRANDALL, ASSIGNED IN PLACE OF WATANABE, J., DISQUALIFIED

*Per Curiam.* The question we must decide is whether Petitioner–Appellant David Wayne Danielson's (Danielson) petition for judicial review of the administrative revocation of his driver's license for driving under the influence of intoxicating liquor (DUI) was timely filed in the district court. We hold that it was not and affirm the district court's dismissal of Danielson's petition for judicial review.

I.

On August 25, 1991, Danielson was arrested for DUI. He refused to submit to a breath or blood test after being informed of the sanctions.[1]

---

[1] Hawai'i Revised Statutes (HRS) § 286–155.5 (Supp. 1992) provides that "[i]f a person under arrest refuses to submit to a breath or blood test, . . . the person shall be subject to the procedures and sanctions under part XIV." Part XIV is entitled, "Administrative Revocation of Driver's License," and became effective August 1, 1991. *See* Act 188, § 3, 1990 Haw. Sess. Law 399, 400–09; Act 1, 1991 Haw. Sess. Laws (Sp. Sess.) 1061.

Pursuant to Hawai'i Revised Statutes (HRS) § 286–258 (Supp. 1992), Danielson's driver's license was administratively revoked for a period of one year from September 25, 1991 to September 25, 1992. Danielson timely requested an administrative hearing. At a hearing held on October 11, 1991, the hearing officer affirmed the license revocation. The hearing officer's written decision (Hearing Decision) was mailed to Danielson on October 15, 1991.

On November 15, 1991, pursuant to HRS § 286–260(a) (Supp. 1992), Danielson filed a petition for judicial review in the District Court of the First Circuit.

On December 3, 1991, the district court, *sua sponte*, filed its "Order Dismissing Appeal." The order stated in part:

Because [Danielson] failed to file his Petition within thirty days of the mailing of the hearing decision, the court does not have jurisdiction to review the administrative decision, and the appeal is therefore dismissed.

Pursuant to his *ex parte* motion to extend time, Danielson obtained an order from the district court extending the time to file a notice of appeal. Danielson filed his notice of appeal within the extended period of time.[2]

## II.

HRS § 286–260(a) provides in relevant part as follows:

(a) If the director sustains the administrative revocation after administrative hearing, the arrestee may file a petition for judicial review *within thirty days after the administrative hearing decision is mailed.* [Emphasis added.]

---

[2] In the answering brief, Respondent–Appellee argues that the district court abused its discretion in extending the time within which Danielson may file a notice of appeal because "there was an inadequate showing of good cause for the extension and no showing of excusable neglect." In light of our decision in this case, we will not discuss this issue raised by Respondent–Appellee.

Here, the Hearing Decision was mailed to Danielson on October 15, 1991. Danielson filed his petition for judicial review on November 15, 1991. The filing occurred thirty–one days after the Hearing Decision was mailed. Consequently, Danielson's petition was not timely filed.

However, Danielson states that District Court Rules of Civil Procedure (DCRCP) Rule 72(b)[3] "mimics the thirty–day filing requirement" of HRS § 286–260(a). Danielson calls our attention to DCRCP Rule 6(e) which provides as follows:

> (e) **Additional Time After Service by Mail.** Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon him and the notice of paper is served upon him by mail, two days shall be added to the prescribed period.

Danielson then asserts that, since the Hearing Decision was served on him by mail, he had thirty–two days to file his petition for judicial review. Therefore, he urges us that his petition was timely filed on the thirty–first day. We disagree.

The Hawai'i Supreme Court has stated that "[w]here the language of a statute is plain and unambiguous that a specific time provision must be met, it is mandatory and not merely directory." *State v. Himuro*, 70 Haw. 103, 105, 761 P.2d 1148, 1149 (1988). The court also stated that "[i]n determining whether a statute is mandatory or directory, the intent of the legislature must be ascertained." *Id.*

---

[3] District Court Rules of Civil Procedure Rule 72 is entitled "Judicial Review to a District Court," and subsection (b) reads in pertinent part as follows:

(b) **Time.** The petition for judicial review shall be filed in the district court within 30 days after the mailing of the decision or order or mailing of notification of the action taken, in the manner provided by statute.

HRS § 286–260(a) plainly and unambiguously provides for the filing of a petition for judicial review "within thirty days after the administrative hearing decision is mailed." Recently, in *Aspinwall v. Tanaka*, 9 Haw. App. 396, 843 P.2d 145 (1992), *cert. denied*, 74 Haw. 651, 845 P.2d 1193 (1993), we had occasion to ascertain the legislative intent of the Administrative Revocation of Driver's License Law, Part XIV of HRS Chapter 286 (Supp. 1992). We found that the legislature desired that the driver's license revocation process be "expeditious," that the law be administered "properly and quickly," and that "any lengthy delays in the hearing process" is not to be tolerated. *Id.* at 404–05, 843 P.2d at 149. We deduce therefrom that the legislature likewise desired that any judicial review of the administrative license revocation be expeditious and without delay. We conclude that the time restraint of HRS § 286–260(a) is legislatively intended to be mandatory.

We do not believe that DCRCP Rule 6(e) is applicable to enlarge the thirty–day filing requirement under HRS § 286–260(a) for two reasons. First, the legislative intent that a judicial review of the administrative license revocation decision be expeditious and without delay militates against time enlargement. Second, the legislature did not intend that the time period be computed in accordance with DCRCP Rule 6. This is evident from Part XIV's inclusion of HRS § 286–266 (Supp. 1992)[4] regarding computation of time, which is covered in DCRCP Rule 6(a), and Part XIV's non–inclusion of the contents of DCRCP Rule 6(e) in Part XIV.

Accordingly, we conclude that Danielson's petition for judicial review, filed on the thirty–first day after the mailing of the

---

[4] HRS § 286–266 provides as follows:

**Computation of time.** The time in which any act provided in this part is to be done is computed by excluding the first day and including the last, unless the last day is a Sunday or holiday, and then it is also excluded.

Hearing Decision, was untimely. Therefore, lacking jurisdiction, the district court properly dismissed Danielson's petition for judicial review. *See Romans v. Director of Revenue*, 783 S.W.2d 894 (Mo. 1990) (trial court lacked jurisdiction to entertain a petition for review not filed within thirty days of the notice of administrative revocation of driver's license for refusal to submit to a chemical test to determine blood alcohol content).

Affirmed.

*Richard Crisman Lindstrom* and *Lloyd A. Poelman* on the brief for petitioner–appellant.

*Edwin L. Baker*, Deputy Attorney General, on the brief for respondent–appellee.