149 P.3d 806

**In the Matter of Michael Paul BRANDON to Answer a Complaint and Summons Regarding an Alleged Violation of the State Motor Carrier Law.**

No. 28148.

Intermediate Court of Appeals of Hawai'i.

Dec. 8, 2006.

Michael Paul Brandon, Pro se Appellant.

Stacey Kawasaki Djou and Benedyne S. Stone, Honolulu, for Appellee, Public Utilities Commission.

PER CURIAM.[1]

Appellant Michael P. Brandon (Brandon), *pro se*, apparently attempts to appeal from the Public Utilities Commission's (PUC)[2] Citation Order No. 427, dated August 25, 2006, which affirmed a citation and $1,000.00 fine against Brandon for transporting persons for compensation or hire by motor vehicle over a public highway without obtaining the appropriate certificate or license from the PUC in violation of Hawaii Revised Statutes (HRS)

---

1. Considered by: Burns, C.J., Lim and Watanabe, JJ.

2. In this matter, the Public Utilities Commission (PUC) was composed of Chairman Carlito P. Caliboso and Commissioner John E. Cole.

§ 271–8 (1993). Based on Brandon's failure to follow the statutory procedure for perfecting his right to appeal under HRS § 271–32 (Supp.2005) and HRS § 271–33 (Supp.2005), we dismiss this appeal for lack of jurisdiction.

## I. BACKGROUND

On September 8, 2004, PUC enforcement officers issued a citation to Brandon for transporting persons for compensation or hire by motor vehicle over a public highway without obtaining the appropriate certificate or license from the PUC in violation of HRS § 271–8 (1993). The citation imposed a civil penalty of $1,000.00 upon Brandon.

Brandon contested the citation and requested a contested case hearing. A contested case hearing took place before a hearing officer.

On March 23, 2005, the hearing officer issued findings of fact, conclusions of law, and a recommended decision pursuant to Hawai'i Administrative Rules (HAR) § 6–61–129 (2005). The hearing officer recommended affirming the citation and the $1,000.00 civil penalty against Brandon.

On August 25, 2006, the PUC filed Citation Order No. 427, which adopted the hearing officer's recommended decision and imposed a civil penalty of $1,000.00. The PUC served Citation Order No. 427 upon Brandon by mail on August 25, 2006.

Brandon did not move the PUC to reconsider the August 25, 2006 Citation Order No. 427.

On September 8, 2006, Brandon filed a notice of appeal from a Citation Order No. 426 rather than Citation Order No. 427. Citation Order No. 426 involved a different party, namely Kumiko S. Brandon, and Citation Order No. 426 was the subject of a separate administrative proceeding to which Brandon was not a party. Nevertheless, Brandon filed his August 25, 2006 notice of appeal in the record for Citation Order No. 427. Therefore, despite the reference in Brandon's September 8, 2006 notice of appeal to Citation Order 426, it appears that Brandon was attempting to appeal from Citation Order No. 427.

## II. STANDARD OF REVIEW

An appellate court has an independent obligation to ensure that it has jurisdiction over each appellate case and to dismiss any appeal *sua sponte* if a jurisdictional defect exists. *State v. Graybeard,* 93 Hawai'i 513, 516, 6 P.3d 385, 388 (App.2000) (citation omitted); *In re Robert's Tours & Transportation, Inc.,* 104 Hawai'i 98, 101, 85 P.3d 623, 626 (2004). An appellate court always has jurisdiction to determine whether it has jurisdiction over a particular appellate case. *State v. Bohannon,* 102 Hawai'i 228, 234, 74 P.3d 980, 986 (2003) (citations omitted). The existence of jurisdiction is a question of law that an appellate court reviews de novo under the right/wrong standard. *State v. Naititi,* 104 Hawai'i 224, 231, 87 P.3d 893, 901 (2004).

## III. DISCUSSION

### A. *Brandon's Incorrect Notice of Appeal Does Not Invalidate This Appeal*

Brandon designated the wrong order in his notice of appeal. Nevertheless, it appears that Brandon's defective notice of appeal does not invalidate Brandon's appeal.

"The notice of appeal shall designate the judgment, order, or part thereof[.]" HRAP Rule 3(c)(2). "However, a mistake in designating the judgment should not result in loss of the appeal as long as the intention to appeal from a specific judgment can be fairly inferred from the notice and the appellee is not misled by the mistake." *Ek v. Boggs,* 102 Hawai'i 289, 294, 75 P.3d 1180, 1185 (2003) (citations, internal quotation marks, and ellipsis points omitted). Although Brandon designated Citation Order No. 426 rather than Citation Order No. 427 in his notice of appeal, it is apparent from the PUC's statement contesting appellate jurisdiction that the PUC knows that the order that aggrieved Brandon in this administrative matter was Citation Order No. 427 rather than Citation Order No. 426, because Citation Order No. 426 involved a different party in a different administrative matter. As a non-attorney, Brandon is representing himself in this case, and the fact that Brandon filed a notice of appeal seems to have provid-

ed the PUC with sufficient notice that Brandon intended to contest Citation Order No. 427. Therefore, it appears that Brandon's mistake in designating the wrong order does not, by itself, require the dismissal of Brandon's appeal.

### B. *Brandon Failed to Perfect His Right to Assert an Appeal*

■ Although Brandon's mistake in his notice of appeal is not a jurisdictional mistake, Brandon has failed to perfect his statutory right to assert an appeal. Only the Hawai'i legislature is vested with constitutional authority to confer appellate jurisdiction. The Hawai'i Constitution provides that

> [t]he judicial power of the State shall be vested in one supreme court, one intermediate appellate court, circuit courts, district courts and in such other courts as the legislature may from time to time establish. The several courts shall have original and *appellate jurisdiction as provided by law* and shall establish time limits for disposition of cases in accordance with their rules.

Haw. Const. art. VI, § 1 (emphasis added). With respect to the phrase, "as provided by law," article III, section 1 of the Hawai'i Constitution [3] vests the Hawai'i legislature with "the power to enact laws and to declare what the law shall be." *Sherman v. Sawyer,* 63 Haw. 55, 57, 621 P.2d 346, 348 (1980) (citation omitted). "Under this grant of authority, the legislature has the power to establish the subject matter jurisdiction of our state court system." *Id.; accord Tax Appeal of County of Maui v. KM Hawaii, Inc.,* 81 Hawai'i 248, 254, 915 P.2d 1349, 1355 (1996).

Some parts of article VI have undergone revisions since it was originally enacted and codified as article V, but section 1 of this article has always provided that "[t]he several courts shall have original and appellate jurisdiction as provided by law." 1959 Haw. Sess. Laws (Sp.Sess.) Constitution of the State of Hawai'i, at 96; Stand. Comm. Rep. No. 100, Comm. Proposal No. 7, RD 2, in *I Proceedings of the Constitutional Convention of 1950,* at 262 (1960); Comm. Whole

Rep. No. 8, in *I Proceedings of the Constitutional Convention of 1950,* at 308. In drafting this provision, the delegates of the Constitutional Convention of 1950 specifically intended that "the jurisdiction of the several courts is left to the Legislature." Stand. Comm. Rep. No. 37, in *I Proceedings of the Constitutional Convention of 1950,* at 174.

■ The Hawai'i legislature has determined that, in general, appeals from administrative agencies' contested case hearings shall be instituted in a circuit court "[e]xcep, as otherwise provided[.]" HRS § 91–14(b) (Supp.2005). However, with respect to appeals from the PUC's contested case hearings, the Hawai'i legislature has provided otherwise.

> HRS Chapter 271, the Motor Carrier Law, regulates the commercial transportation of people and property. The PUC administers HRS Chapter 271; HRS Chapter 269 governs the PUC and also applies to the administration of HRS Chapter 271 where not inconsistent. HRS § 271–2 (1993).

> Within HRS Chapter 271, there are two relevant statutory provisions governing appeals: HRS § 271–32(e) (1993) and HRS § 271–33 (1993).

*In re Robert's Tours & Transportation, Inc.,* 104 Hawai'i 98, 102, 85 P.3d 623, 627 (2004) (Holding that a phrase in HRS § 271–32(e) that limits standing to "a person aggrieved in the contested case hearing" is intended to apply only in the event that the PUC conducts a contested case hearing). However, under HRS § 271–32(e) (Supp.2005) and HRS § 271–33 (Supp.2005), the aggrieved party may appeal from a PUC order only after the party has moved for, and the PUC has denied, reconsideration of the order. For example, HRS § 271–32(e) provides:

> An appeal shall lie, subject to chapter 602, from every order made by the commission that is final, or if preliminary, is of the nature defined by section 91–14(a), in the manner provided for civil appeals from the circuit court; *provided the order is*

---

3. "The legislative power of the State shall be vested in a legislature, which shall consist of two houses, a senate and a house of representatives. Such power shall extend to all rightful subjects of

legislation not inconsistent with this constitution or the Constitution of the United States." Haw. Const. art. III, § 1.

*made after reconsideration or rehearing or is the subject of a motion for reconsideration or rehearing, which the commission has denied.* An appeal shall lie, subject to chapter 602, in the manner provided for civil appeals from the circuit courts, only by a person aggrieved in the contested case hearing provided for in this section.

HRS § 271–32(e) (Supp.2005) (emphases added). Likewise, HRS § 271–33 provides in relevant part:

*From the order made on an application for reconsideration or rehearing* by the public utilities commission under this chapter, *an appeal shall lie, subject to chapter 602,* in the manner and within the time provided for civil appeals from the circuit courts and by the rule of court; provided the order is final, or if preliminary is of the nature defined by section 91–14(a).

HRS 271–33 (Supp.2005) (emphasis added). In turn, HRS Chapter 602 provides that "the intermediate appellate court shall have jurisdiction, ... [t]o hear and determine appeals ... from any agency when appeals are allowed by law[.]" HRS § 602–57(1) (Supp. 2005). Therefore, "both HRS §§ 271–32(e) and –33 allow a party to appeal from a final PUC order, provided that the party has filed (and the PUC has denied) a motion for reconsideration of the PUC's order[.]" *In re Robert's Tours & Transportation, Inc.,* 104 Hawai'i at 104, 85 P.3d at 629.

Under analogous circumstances, the supreme court has acknowledged that, under an earlier version of another statute, HRS § 571–54 (1993),[4] the adjudication of a motion for reconsideration was a prerequisite for an appeal from an HRS Chapter 587 child protection proceeding where, "[b]y the plain language of the statute, a party desiring to appeal from an order entered in a proceeding governed by HRS § 571–54 is required to file a motion for reconsideration." *In re Doe Children,* 94 Hawai'i 485, 486, 17 P.3d 217, 218 (2001). Under such circumstances, the supreme court held that "there is no appealable order until the family court resolves the motion for reconsideration." *Id.*

Similarly under the current versions of HRS § 271–32(e) and HRS § 271–33, there is no appealable order until the PUC resolves the mandatory motion for reconsideration. When an aggrieved party intends to appeal from a PUC order, "[t]he motion for reconsideration or a rehearing shall be filed within ten days after the decision and order has been served[.]" HRS § 271–32(b) (Supp. 2005); *see also* HAR § 6–61–137 (2005) ("The motion shall be filed within ten days after the decision or order is served upon the party[.]"). Service of a PUC order upon the aggrieved party is effective on the date when "[t]he document is properly stamped, addressed, and mailed to the last known address of the party on file with the commission or to its attorney." HAR § 6–61–21(d)(3) (2005). Furthermore, when the PUC serves the order "upon the party by mail, two days shall be added to the pre-

4. Prior to the amendment of HRS § 571–54 (1993) through 2006 Haw. Sess. Laws Act 3 (effective July 1, 2006), HRS § 571–54 provided in relevant part:

An order or decree entered in a proceeding based upon section 571–11(1), (2), (6), or (9) shall be subject to appeal to the supreme court only as follows:

Within twenty days from the date of the entry of any such order or decree, any party directly affected thereby may file a motion for a reconsideration of the facts involved. The motion and any supporting affidavit shall set forth the grounds on which a reconsideration is requested and shall be sworn to by the movant or the movant's representative. The judge shall hold a hearing on the motion, affording to all parties concerned the full right of representation by counsel and presentation of relevant evidence. The findings of the judge upon the hearing of the motion and the judge's

determination and disposition of the case thereafter, and any decision, judgment, order, or decree affecting the child and entered as a result of the hearing on the motion shall be set forth in writing and signed by the judge. Any party deeming oneself aggrieved by any such findings, judgment, order, or decree shall have the right to appeal therefrom to the supreme court upon the same terms and conditions as in other cases in the circuit court and review shall be governed by chapter 602; provided that no such motion for reconsideration shall operate as a stay of any such findings, judgment, order, or decree unless the judge of the family court so orders; provided further that no informality or technical irregularity in the proceedings prior to the hearing on the motion for reconsideration shall constitute grounds for the reversal of any such findings, judgment, order, or decree by the appellate court.

scribed period" (HAR § 6–61–21(e) (2005)), which gives the aggrieved party a total of twelve days to file a motion for reconsideration of the order.

In this case, the PUC served Citation Order No. 427 upon Brandon my mail on August 25, 2006. Therefore, the last day when Brandon could file a motion for reconsideration was twelve days later, namely on September 6, 2006. HRS § 271–32(b); HAR § 6–61–21(e); HAR § 6–61–137. However, Brandon did *not* file any motion for reconsideration of Citation Order 427. Based upon Brandon's failure to file, and obtain an adjudication of, a motion for reconsideration of Citation Order 427, there is no appealable order under HRS § 271–32(e) and HRS § 271–33. To hold otherwise would render the language in HRS § 271–32(e) and HRS § 271–33 meaningless. Therefore, Brandon's failure to file a motion for reconsideration of Citation Order No. 427 precludes Brandon's appeal to the intermediate court of appeals.

While Brandon, as a pro se litigant, might not have known that the adjudication of a timely motion for reconsideration was a prerequisite for an appeal under HRS § 271–32(e) and HRS § 271–33, a litigant's mere ignorance of the law constitutes no defense to the enforcement of the law. *Office of Disciplinary Counsel v. Au*, 107 Hawai'i 327, 340, 113 P.3d 203, 216 (2005) (citation and internal quotation marks omitted). Accordingly, we dismiss Brandon's appeal because we lack appellate jurisdiction over this case.